**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ruizhong Wang, | ) | No. CIV 07-077-TUC-GEE |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Michael Chertoff, Secretary of the | ) | |
| Department of Homeland Security; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the court is a motion to dismiss filed by the defendants on August 15, 2007.  [doc. # 14]  The plaintiff filed a response, and the defendants filed a reply.  The plaintiff filed a sur-reply and a supplemental memorandum.

The plaintiff in this case, Ruizhong Wang, applied for permanent residency by filing an I-485 application in January of 2005.  He brings the instant action to compel the defendants to "expedite and finish" their adjudication of his application.  The defendant filed the instant motion pursuant to FED.R.CIV.P. 12(b)(1).  They assert this court lacks subject matter jurisdiction.

Magistrate Judge Edmonds presides over this action pursuant to 28 U.S.C. § 636(c)(1) having received the written consent of all parties.

1   No party has requested a hearing, and the court finds the motion suitable for decision
2   without oral argument.  The motion to dismiss will be granted in part.  This court has no
3   jurisdiction over the FBI.

5   Background

6   The plaintiff, Ruizhong Wang, is a citizen of the People's Republic of China and
7   currently resides in Tucson, Arizona as a resident alien.  He is employed by the University of
8   Arizona in the field of biomedical research.  Wang applied for permanent residency in the
9   United States by filing an I-485 application on January 25, 2005.  He also filed applications on
10  behalf of his wife and son.  Since filing his application, Wang has made numerous inquiries into
11  the status of his application.  Mr. Wang has been told repeatedly that his application is awaiting
12  adjudication because the FBI name check has not been completed.

13  On February 15, 2007, Wang filed the instant complaint.  He alleges this court has
14  jurisdiction under Section 706 of the Administrative Procedure Act (APA), the Mandamus and
15  Venue Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  He
16  claims he has lost professional opportunities due to the defendants' delay in adjudicating his
17  application.  He asks that the court issue an order compelling the defendants to "expedite and
18  finish" his FBI name check and adjudicate his I-485 application.

19  On August 15, 2007, the defendants filed the instant motion to dismiss pursuant to
20  FED.R.CIV.P. 12(b)(1).  They do not dispute Wang's assertion that his application is pending
21  and currently awaits completion of the FBI name check.  They nevertheless argue the court has
22  no subject matter jurisdiction over the action because the government has unfettered discretion
23  over the pace with which it adjudicates I-485 applications.

25  Motion to Dismiss for Lack of Subject Matter Jurisdiction

26  The defendants move that this court dismiss the complaint pursuant to FED.R.CIV.P.
27  12(b)(1) because the court lacks subject matter jurisdiction.  In analyzing the motion, the court
28  accepts as true the factual allegations contained in the complaint.  *Orsay v. U.S. Dept. of Justice*,

289 F.3d 1125, 1127 (9ᵗʰ Cir. 2002).  Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction of the court has the burden of proof.  *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.,*  594 F.2d 730, 733 (9ᵗʰ Cir. 1979).

Discussion

Wang alleges this court has jurisdiction under Section 706 of the Administrative Procedure Act (APA), the Mandamus and Venue Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).   While these are distinct vehicles for the court's jurisdiction, Wang seeks the same relief regardless.  In such a situation, the Ninth Circuit has expressed a preference for first analyzing jurisdiction under the APA. *See Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 n. 6 (1997); *Dong v. Chertoff*, 2007 WL 2601107, *3 (N.D.Cal. 2007)   ("[I]f the Court has jurisdiction pursuant to one, it need not analyze jurisdiction with respect to the other.").

Under the Administrative Procedures Act, 5 U.S.C. § 706, the court is authorized to "compel agency action unlawfully withheld or unreasonably delayed."  The APA does not create subject matter jurisdiction by itself.  The court, however, has jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Accordingly, the APA in conjunction with 28 U.S.C. § 1331 gives the court jurisdiction to compel action from a government agency unlawfully withheld or unreasonably delayed.  *Idaho Watersheds Project v. Hahn*,  307 F.3d 815, 830 (9ᵗʰ Cir. 2002); *Dong v. Chertoff*, 2007 WL 2601107, *2 (N.D.Cal. 2007).  An action may be "unreasonably delayed," however, only if there exists a duty to act in the first place.  *San Francisco BayKeeper v. Whitman*,  297 F.3d 877, 885 (9ᵗʰ Cir. 2002).  The court considers whether or not the government has a duty to adjudicate Wang's application.

The U.S. Citizenship and Immigration Service (USCIS), an arm of the Department of Homeland Security, "has jurisdiction to adjudicate an application for adjustment of status filed by any alien . . . ." 8 C.F.R. §245.2(a)(1).  This regulation gives the USCIS the authority to act but does not explicitly require the USCIS to act on all applications.  A later section of the

1  regulations, however, states that "[t]he applicant shall be notified of the decision of the director
2  and, if the application is denied, the reasons for the denial."  8 C.F.R. § 245.2 (a)(5)(i).  This
3  passage implies that the director will make a decision in each case.  The decision may be
4  favorable or unfavorable, but a decision must be made.  *See Quan v. Chertoff*, 2007 WL
5  1655601, *3 (N.D. Cal.); *see also Brower v. Evans*, 257 F.3d 1058, 1068 n. 10 (9th Cir. 2001)
6  ("'Shall' means shall.").

7      The   court's   analysis   is   further   informed   by   another   regulation,   8
8  C.F.R. §103.2(b)(18).  This regulation permits the government to withhold the adjudication of
9  a visa petition or other application for a specific period of time if there is a sensitive
10  investigation proceeding that would be prejudiced if the petition or application were to go
11  forward.  The existence of this regulation further supports the plaintiff's argument that the
12  government has a duty to adjudicate his petition.  If there were no duty to adjudicate in the first
13  place, there would be no need for a specific regulation allowing the government to temporarily
14  withhold adjudication while sensitive investigations are allowed to proceed.  The court
15  concludes from the regulatory framework that the government has a duty to adjudicate an
16  alien's application for adjustment of status.  *See Dong v. Chertoff*, 2007 WL 2601107, *7 (N.D.
17  Cal 2007).

18      The regulations do not establish a time frame for the decision.  Nevertheless, this
19  oversight does not allow the USCIS unlimited freedom to delay adjudication indefinitely.  *See,*
20  *e.g., Tang v. Chertoff*,  493 F.Supp.2d 148, 150 (D.Mass. 2007)  ("The duty to act is no duty at
21  all if the deadline is eternity.").  Congress has provided a catchall timing provision in section
22  555(b) of the APA, which provides that "[w]ith due regard for the convenience and necessity
23  of the parties or their representatives and within a reasonable time, each agency shall proceed
24  to conclude a matter presented to it."  5 U.S.C. § 555(b).  The USCIS has a general duty to
25  adjudicate petitions within a reasonable time.  Accordingly, this court has jurisdiction over the
26  instant action in accordance with section 706 of the APA in conjunction with 28 U.S.C. § 1331.

27      The defendants argue the APA does not confer jurisdiction because that statute
28  precludes review if "agency action is committed to agency discretion by law."  See 5 U.S.C. §

1 701(a)(2).  The court acknowledges the existence of this exception but does not agree that it

2 applies here.

3        The defendants correctly observe that the decision to grant or deny a petition for

4 adjustment of status is discretionary and not subject to judicial review.  *See* 8 U.S.C. § 1255(a).

5 Wang, however, does not ask the court to review a decision of the USCIS to grant or deny.  He

6 asks the court to review the USCIS's failure to adjudicate his application in a reasonable time.

7 The timing of the adjudication process is not a matter over which the USCIS has unfettered

8 discretion.  It has a duty to act within a reasonable time.

9        The defendants further argue this court lacks jurisdiction in accordance with section

10 242 of the Immigration and Nationality Act which reads in pertinent part as follows:

11         Notwithstanding any other provision of law (statutory or nonstatutory),
            . . . no court shall have jurisdiction to review-
12
                        *         *         *
13         (ii) any other decision or action of the Attorney General or the
            Secretary of Homeland Security the authority for which is specified
14         under this subchapter to be in the discretion of the Attorney General or
            the Secretary of Homeland Security, other than the granting of relief
15         under section 1158(a) of this title [dealing with asylum].

16
17 8 U.S.C. § 1252(a)(2)(B).

18        Section 1255(a), which is within the same subchapter as section 1252, states that "an

19 alien who was inspected and admitted. . . may be adjusted by the Attorney General in his

20 discretion and under such regulations as he may prescribe to that of an alien lawfully admitted

21 for permanent resident . . . ."  Accordingly, the defendants argue this court has no jurisdiction

22 over the instant action because it challenges a "decision or action of the Attorney General or the

23 Secretary of Homeland Security" that is discretionary.  The court does not agree.

24        As discussed above, the government has discretion over whether to grant or deny

25 an I-485 application.  The government, however, does not have discretion over when the

26 decision must be made.  It must be made within a reasonable time.

27        The defendants argue the term "decision or action" is sufficiently broad to include

28 the process of adjudication.  The court does not agree.  Section 1252(a)(2)(B)(ii) removes the

- 5 -

1    court's jurisdiction over a "decision or action . . . the authority for which is specified under this

2    subchapter to be in the discretion of the Attorney General or the Secretary of Homeland

3    Security." *See Liu v. Novak*, 2007 WL 2460425 (D.D.C. 2007).  This subchapter does not give

4    the Attorney General or the Secretary of Homeland Security discretionary authority over the

5    pace of adjudication.  Section 1252(a)(2)(B)(ii) therefore does not apply.

6            The court recognizes this is a close question upon which reasonable minds may

7    differ.  Some courts have concluded the term "decision or action" encompasses the pace at

8    which the adjudication is made.  *See, e.g., Grinberg v. Swacina*, 478 F.Supp.2d 1350, 1352

9    (S.D.Fla. 2007).  This court, however joins with those that read the jurisdiction stripping

10   provision more narrowly.  *See, e.g., Dong v. Chertoff*, 2007 WL 2601107, *6 (N.D. Cal 2007).

11   The court reaches its conclusion in accordance with the following general principles:   (1)

12   legislation restricting judicial review should be read narrowly and (2) there is a "strong

13   presumption in favor of judicial review of administrative action."  *Board of Governors of*

14   *Federal Reserve System v. MCorp Financial, Inc.*, 502 U.S. 32, 44 (1991) (1);  *I.N.S. v. St.*

15   *Cyr*,  533 U.S. 289, 298 (2001)  (2);  *ANA Intern., Inc. v. Way*,  393 F.3d 886, 891 (9th Cir.

16   2004) (1 and 2).

17           The defendants further argue this court has no jurisdiction over the defendant,

18   Robert S. Muller, III, Director of Federal Bureau of Investigation (FBI).  They are correct.  The

19   FBI has no duty to adjudicate Wang's application.  The defendants' motion will be granted as

20   to this defendant.

21           The defendants argue generally that this court could not meaningfully review agency

22   action to determine "unreasonable delay" because no standards exist.  The court does not agree.

23           In the Ninth Circuit, agency delay is measured by the so-called TRAC factors.  They

24   are as follows:

25           (1) the time agencies take to make decisions must be governed by a
             "rule of reason";
26
27           (2) where Congress has provided a timetable or other indication of the
             speed with which it expects the agency to proceed in the enabling
             statute, that statutory scheme may supply content for this rule of reason;
28

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Independence Min. Co., Inc. v. Babbitt,* 105 F.3d 502, 507 (9th Cir. 1997) (*citing Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984)). These factors provide a sufficient framework for judicial determination. Accordingly,

IT IS ORDERED that the motion to dismiss filed by the defendants on August 15, 2007, is GRANTED IN PART. [doc. # 14] The motion is granted as to the defendant, Robert S. Muller, III, Director of Federal Bureau of Investigation. The motion is otherwise denied.

It remains to be determined whether the defendants' delay in processing Wang's I-485 application has been reasonable. The remaining defendants shall file a motion for summary judgment on the issue by December 18, 2007. The plaintiff shall file a response in accordance with LRCiv 56.1.

DATED this 26th day of November, 2007.

Glenda E. Edmonds
United States Magistrate Judge